# RICHMAN
## LAW & POLICY

The Honorable John P. Cronan                                                    June 20, 2025
United States District Court for the Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

      Re:    *Maggio v. The Procter & Gamble Co., et al.*, No. 1:25-cv-02667 (S.D.N.Y.)

**<u>VIA ECF AND EMAIL</u>**

Dear Judge Cronan:

We represent Plaintiff Breanne Maggio in the above-captioned matter. We write to oppose the suggestion of Defendant The Proctor & Gamble Company ("P&G") that this matter should be stayed pending a decision of the Judicial Panel on Multidistrict Litigation ("JPML"). Precedent does not suggest a stay is warranted here, especially where it is unlikely that this case will be pulled into an MDL, and the delay sought by P&G would prejudice Plaintiff Maggio's interests.

Plaintiff Maggio has already filed her opposition to 28 U.S.C. § 1407 transfer for consolidated or coordinated pretrial proceedings (Mem. Opp. Mot. Transfer, MDL No. 3157, ECF No. 17, hereinafter "MDL Opp.," attached hereto as Exhibit A). P&G's description of the current slate of cases warrants some additional explanation. As described in Plaintiff Maggio's MDL Opposition, the possibility of an MDL is sought by the Hagens Berman law firm, which originally filed one action in the Western District of Washington, known as the *Lowry* action. After Plaintiff Maggio, acting on an investigation long underway, filed this case based on similar but wider-reaching facts, Hagens Berman amended the *Lowry* complaint to remove a number of plaintiffs and instead filed five more actions on behalf of those plaintiffs in other jurisdictions, then sought to create an MDL into which Plaintiff Maggio's case could be swept. (*Id.* at 6, n.1.) Plaintiff Maggio has opposed the creation of an MDL, and (in the event such an MDL is created) has opposed the transfer of her case, on the following grounds:

- Plaintiff Maggio's action does not share sufficient questions of law and fact with the six actions filed by the Hagens Berman firm. Plaintiff Maggio seeks relief from co-Defendant Rainforest Alliance ("RA"), which is not party to any of the other actions, based on conduct separate from P&G's and not alleged in any of the other actions. Procedurally, Plaintiff Maggio seeks certification of a nationwide class, while the six Hagens Berman cases seek only single-state or multi-state certification. (*Id.* at 8.)
- Transferring Plaintiff Maggio's case to either of the proposed MDL venues—the Western District of Washington or the District of Massachusetts—would not be convenient for the parties or witnesses. Plaintiff Maggio and Defendant RA are both residents of New York, and Defendant P&G is headquartered in Ohio. (*Id.* at 6.)
- A transfer would not promote the just and efficient conduct of the actions. Plaintiff Maggio's case is further along than any of the cases filed by Hagens Berman; the cases are too few to warrant MDL consideration; and coordination of discovery absent an MDL is

not a serious concern, as all the plaintiffs in all the cases are represented by two firms who could reach agreement on discovery processes. (*Id.* 8-10.)

RA, which along with P&G is a Defendant here (but not in any of the cases filed by Hagans Berman), has indicated that it also opposes the proposed MDL transfer.

P&G should not be allowed to rely on the MDL proposal to stay this action. P&G has filed its motion to dismiss Plaintiff Maggio's action (ECF No. 28), RA has filed a motion to dismiss and an Anti-SLAPP motion (ECF Nos. 33, 34), and Plaintiff Maggio has already filed her omnibus response to all of those motion (ECF No. 37). Defendant RA has **not** sought to stay this action. The only evident advantage of delay would be to P&G, in the form of additional time to assemble and file the reply in support of its own pending motion to dismiss.

"The mere pendency of a petition in the JPML does not, of course, mandate a stay." *Quinn v. JPMorgan Chase Bank, N.A.*, Nos. 20-cv-4100 (JSR); 20-cv-4144 (JSR); 20-cv-4145 (JSR); 20-cv-4146 (JSR), 2020 U.S. Dist. LEXIS 111202, at *6 n.2 (S.D.N.Y. Jun. 24, 2020). In *Quinn*, Judge Rakoff denied a stay for reasons equally applicable here:

- The JPML's earliest possible date would mean "putting these cases on total hold for weeks or months." *Id.* at *5. Here, the JPML is not scheduled even to consider the petition for six more weeks (ECF No. 36, at 2), no date is set for determination, and if any centralization were to take place, the parties dispute which forum would be appropriate. (MDL Opp. 5-7.)
- The JPML "may well deny the petition." *Quinn*, 2020 U.S. Dist. LEXIS 111202, at *5. As set forth in Plaintiff Maggio's MDL Opposition, there is no need for an MDL to centralize seven cases, six of which were filed by one law firm. (MDL Opp. 8-10.)
- "[E]ven assuming that the petition is granted, it will be helpful for the four cases before this Court to move forward in the meantime." *Quinn*, 2020 U.S. Dist. LEXIS 111202, at *6. So too here. The Court is called upon to decide issues not at stake in any of the six Hagans Berman cases, including allegations against RA, an Anti-SLAPP motion, and the propriety of a nationwide class.
- "[C]ontrary to frequently voiced claims of 'duplication' and 'wasted effort,' it is this Court's experience that no party materially suffers from the fact that some initial motion practice or discovery has transpired before the MDL takes effect." *Id.* So too here. In the unlikely event this case is swept into an MDL, the Court's decision on the issues unique to this case will only aid the MDL judge. Any discovery taken in this case could transfer to an MDL setting, as Plaintiff Maggio's case encompasses but is broader than allegations in any of the Hagans Berman cases.

Nor does any of the traditional considerations weigh in favor of a stay. As P&G notes:

> In deciding whether to grant a motion to stay proceedings, courts consider: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests

of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."

(ECF No. 36, at 2 (quoting *Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) (citation omitted) (granting stay based on risk of "duplicative proceedings and inconsistent or inefficient discovery regimes" because, *inter alia*, "GECC is the sole defendant in [all] lawsuits")).) P&G's conduct, as alleged by Plaintiff Maggio, is ongoing. As to the first, fourth, and fifth factors, an indefinite delay in deference to a fight over the propriety and location of an MDL, especially when the preliminary motions here have already been briefed, will only serve to increase the harm to consumers—meaning that both Plaintiff Maggio and the class she seeks to represent have an interest in this litigation proceeding. As to the second factor, P&G will not be unduly burdened by filing its reply brief here; any issues pertaining to P&G will need to be determined at some point, and the bulk of the briefing is already complete. *Cf. Pellegrino v. P&G*, No. 23-CV-10631 (KMK), 2025 U.S. Dist. LEXIS 9713, at *19-20 (S.D.N.Y. Jan. 17, 2025) (denying stay requested to "avoid[ ] the expense and burden of briefing overlapping motions to dismiss" because "the Parties, in any event, cannot avoid briefing both motions and cannot predict exactly when such briefing will be due in either court"). As to the third factor, and as noted *supra*, proceeding with this action does not negatively impact the interests of the courts, as this Court's determinations, especially regarding RA and the Anti-SLAPP, will be assistive to the MDL judge, should centralization actually occur in the future. *See, e.g.*, *Laser Spa of Rochester, LLC v. Erie Ins. Co.*, No. 20-cv-6308, 2020 U.S. Dist. LEXIS 184324, at *4 (W.D.N.Y. Oct. 5, 2020) ("There is ample time for the Court to receive full briefing on Erie's pending motion and render a decision well before [the JPML is likely to reach a decision]."); *cf. Gallagher v. Boehringer Ingelheim Pharms., Inc.*, No. 22-cv-10216 (LJL), 2023 U.S. Dist. LEXIS 13044, at *8 (S.D.N.Y. Jan. 25, 2023) ("since the parties have already briefed the remand issue in full, delay and costs would only increase if the Court were to grant the stay and leave the remand issue for the MDL court to resolve at some later date" (quotations and citations omitted)).

For all the foregoing reasons, Plaintiff Maggio requests that P&G's motion to stay these proceedings be denied, allowing both Defendants to file reply briefing and the Court to rule on multiple motions already pending. *See Xchange Telecom Corp. v. Sprint Spectrum L.P.*, No. 1:14-CV-54, 2015 U.S. Dist. LEXIS 150816, at *11 (N.D.N.Y. Nov. 6, 2015) ("[B]ecause it is not clear when the MDL court will issue its decision and the extent to which this Court will find its reasoning persuasive or determinative, it cannot be said that a stay will benefit the interests . . . [of] the courts, persons not parties to this litigation, and the public.").

.

                                                Respectfully submitted,
                                                *s/ Kim E. Richman*
                                                Kim E. Richman
                                                Richman Law & Policy
                                                1 Bridge Street, Suite 83
                                                Irvington, NY 10533
                                                Tel: (914) 693-2018
                                                krichman@richmanlawpolicy.com

Defendant The Procter & Gamble Company's request to stay this case pending the JPML's resolution of the MDL Transfer Motion is denied as Defendant has not established good cause warranting a stay at this juncture. The Clerk of Court is respectfully directed to close Docket Number 36.

SO ORDERED
Date: June 23, 2025
New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　JOHN P. CRONAN
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge